**SCHIFFMAN LAW OFFICE, P.C.**
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacob Starr,<br><br>                          Plaintiff,<br>vs.<br><br>Liberty Life Assurance Company of Boston; Blood Systems, Inc. Group Insurance Plan,<br><br>                          Defendants. | No.<br><br>**COMPLAINT** |

For his claim against Defendants, Jacob Starr ("Starr") alleges as follows:

## JURISDICTION AND VENUE

1. Starr is a resident of Maricopa County, Arizona.

2. Defendant Liberty Life Assurance Company of Boston ("Liberty") is an insurance company incorporated in New Hampshire, with its principal place of business in Boston, Massachusetts. Liberty is authorized to do business in Maricopa County, Arizona.

3. Defendant Blood Systems, Inc. Group Insurance Plan ("Plan"). is a purported ERISA benefit plan established and maintained by Blood Systems, Inc. for the benefit of its employees, which included Starr's employer, Creative Testing Solutions ("CTS"), a related entity to Blood Systems, Inc. The Plan includes long-term disability benefits ("LTD"). Either CTS or Blood Systems, Inc. is the Plan Administrator.

4. CTS or Blood Systems, Inc. is a Plan Fiduciary as that term is defined by ERISA.

5. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and Liberty have caused events to occur in Arizona out of which Starr's claims arise.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

7. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

8. Liberty pays for and administers the Plan's LTD benefits.

9. Liberty is the Claim Administrator and is a Plan Fiduciary as defined by ERISA for the Plan's LTD benefits.

## GENERAL ALLEGATIONS

10. Starr is entitled to benefits under the terms of the LTD Plan for the first 24 months if, as a result of Injury or Sickness, he is unable to perform the "Material and Substantial Duties of his Own Occupation."

11. After the first 24 months of disability, Starr is considered disabled if he is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation. The Plan defines Any Occupation as any occupation that you are or become reasonably fitted by training, education, experience, age, physical and mental capacity.

12. At all relevant times, Starr was a CTS employee, became a covered individual under the Plan, and remained continuously employed until his disability rendered him unable to work in his regular occupation as an Clinical Laboratory Specialist III on May 28, 2015.

13. The material and substantial duties of Starr's occupation that he was unable to perform, include, but are not limited to:

- Ability to understand, follow and give precise written and verbal instructions;
- Ability to stand for 5 plus hours per day;
- Ability to lift up to 40 pounds 3-5 hours per day;
- Ability to work without incurring numerous days off in any given month due to severe fatigue and reduced cognition.

14. Starr's conditions include chronic fatigue syndrome, migraines, chronic abdominal pain, toxic chemical exposure, evidence of chronic infectious/parasitic disease, ADHD, and Vitamin D deficiency.

15. Starr became disabled on May 28, 2015 and remains disabled from his own occupation and from any occupation for which he is qualified based on training, education, experience, age, physical and mental capacity and for which he could earn 60% of his pre-disability earnings.

16. Liberty initially denied Starr's claim on September 11, 2015.

17. Starr is entitled to 60% of his Predisability Earnings from August 26, 2015 through the present.

18. Starr's is entitled to a monthly LTD disability benefit in the amount of $2,137.04 from August 26, 2015 to the present.

19. Starr provided proof of his debilitating medical conditions. In addition, Starr provided Liberty with completed attending physician statements and extensive medical records that support his disability.

20. Starr submitted his appeal on March 7, 2016.

21. Liberty issued a final denial on June 8, 2016.

22. Starr has satisfied the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

23. Starr incorporates and realleges all previous allegations.

24. The Plan contains some language purporting to grant Starr discretion and to give Starr the ability to delegate discretion to others; however, on information and belief, the purported delegation is invalid and Starr is entitled to de novo review.

25. Starr became disabled on May 28, 2015 and remains unable to perform the duties of any occupation for which he is qualified based on training, education, experience, age, physical and mental capacity.

26. Despite the coverage of Starr's long-term disability, Liberty denied LTD benefits. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

27. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Starr is entitled to recover all benefits due under the terms of the Plan, and to enforce his rights under the terms of the Plan.

28. Pursuant to 29 U.S.C. § 1132(g), Starr is entitled to recover his attorneys' fees and costs incurred herein from CTS and the Plan.

29. Starr is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Starr prays for entry of judgment against Defendants as follows:

A. For all past benefits due Starr under the terms of the Plan;

B. For an award of Starr's attorneys' fees and costs incurred herein;

C. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 22nd day of August 2017.

SCHIFFMAN LAW OFFICE, P.C.

By: /s/ Lisa J. Counters
 Lisa J. Counters

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667